FILED
 2005 Jan-04  PM 03:45
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| WILLIAM PIERCE TUCKER, JR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 04-PT-2621-M |
| ) | |
| PRISON HEALTH SERVICES, et. al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on December 7, 2004, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b).  Plaintiff filed objections to the report and recommendation on December 21, 2004.   Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED.  Accordingly, all claims in plaintiff's complaint and amended complaint are due to be DISMISSED for FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED under  28 U.S.C. § 1915A(b)(1) or (2).

Plaintiff also attempts to state new constitutional claims in his objections to the report and recommendation.  First, plaintiff claims that his right to due process of law has been violated because he was charged medical co-payments in contravention Department of Corrections' Administrative Regulation #601, and an unwritten prison policy pertaining to chronic care patients. However, "[t]he failure of a state agency to comply with its internal

regulations is insufficient as a matter of law to establish a violation of Due Process." *Brown v. Texas A & M University*, 804 F.2d 327, 335 (5th Cir. 1986). Even if such an allegation could state a cognizable due process claim, plaintiff has still failed to exhaust the state remedies available to him. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3203-3204, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). As such, said claim is due to be DISMISSED for FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED pursuant to 28 U.S.C. § 1915A(b)(1) or (2).

Second, it appears plaintiff is also attempting to claim that his right to equal protection of the law was violated as he demands that defendants be ordered to show cause why he is being charged co-payments when other inmates meeting the criteria for various exemptions are not charged. "To prove an equal protection claim, [a prisoner] must show treatment that was invidiously dissimilar from that accorded other inmates, with no rational basis existing for the difference in treatment." *Flittie v. Solem*, 827 F.2d 276, 281 (8th Cir. 1987). *See also Clark v. Groose*, 36 F.3d 770, 772 (8th Cir. 1994), *cert. denied*, 514 U.S. 1018 (1995). However, the equal protection clause has long been limited to instances of purposeful or intentional discrimination rather than erroneous or even arbitrary administration of authority. *See Snowden v. Hughes*, 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1944). "Absent any allegation of a discriminatory purpose, a mere failure of those who administer the law to treat equally all persons who violate the law does not constitute a denial of the constitutional right to equal protection." *Harrington v. United States*, 673 F.2d 7, 11 (1st Cir. 1982) (citations

omitted). *See also E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988).

Plaintiff has not identified any prisoners who have been afforded the benefit of the prison policies about which he complains he has been denied.  Furthermore, he has not set forth any facts establishing that defendants have acted with a discriminatory purpose. "[C]onclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination." *Young v. General Foods Corp.*, 840 F.2d 825, 830 (11th Cir. 1988) (*quoting Grigsby v. Reynolds Metal Co.*, 821 F.2d 590, 597 (11th Cir. 1987)), *cert. denied*, 488 U.S. 1004 (1989).  This claim is therefore due to be DISMISSED for FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED pursuant to 28 U.S.C. § 1915A(b)(1) or (2).

Finally, plaintiff claims that in June 2004, he discovered that in 2001, he was wrongfully transferred from Fountain Correctional Facility to St. Clair Correctional Facility based upon an assertion that he was a suicide risk.  Plaintiff also believes the transfer was punishment for his illness.  Initially, the court notes that these allegations are immaterial and irrelevant to the claims in plaintiff's original complaint.  Further, plaintiff does not deny that he made a comment about committing suicide, and it is well known that inmates have no protectable liberty interest in remaining in a particular custodial classification or prison facility.  "Inmates have neither a protectable property nor liberty interest in custodial classification." *Mikeska v. Collins,* 900 F.2d 833, 836 (5th Cir. 1990).  A change in the level of custody within a prison system does not infringe upon or implicate a liberty interest within the meaning of the due process clause. *United States v. Williams,* 787 F.2d 1182, 1184 n.3

3

(7th Cir. 1986) (citing *Moody v. Daggett,* 429 U.S. 78, 87-89, 97 S. Ct. 274, 278-89, 50 L. Ed. 2d 236 (1976) and *Meachum v. Fano*, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976)).  Last, plaintiff's contention that he was transferred as punishment for his illness is vague, general and conclusory and therefore insufficient to state claim upon which relief may be granted.  *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Therefore, to the extent plaintiff claims that his transfer violated his right to due process of law and to be free from cruel and unusual punishment, said claims are due to be  DISMISSED for FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED pursuant to 28 U.S.C. § 1915A(b)(1) or (2)

    For the foregoing reasons, this action is due to be  DISMISSED for FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED pursuant to 28 U.S.C. § 1915A(b)(1) or (2).  An appropriate order will be entered.

    DATED this 4th day of January, 2005.

                                    **ROBERT B. PROPST**
                            **SENIOR UNITED STATES DISTRICT JUDGE**